FILED

August 24, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 11:55 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| Roxanna Marie Hazy Kelso, | ) | Docket No.: 2015-01-0413 |
| Employee, | ) | |
| v. | ) | |
| Five Star Food Service, | ) | State File No.: 91781-2015 |
| Employer, | ) | |
| and | ) | |
| Accident Fund Ins. Co., | ) | Judge Thomas Wyatt |
| Insurer. | ) | |
| | ) | |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This claim came before the Court on the August 22, 2017, on Five Star Food Service's Motion for Summary Judgment. The issue before the Court was whether Roxanna Marie Hazy Kelso submitted a sufficient medical expert opinion to create a genuine issue of material fact as to whether her upper-extremity symptoms arose primarily out of and in the course and scope of employment. For the reasons set forth below, the Court holds Five Star is entitled to summary judgment.

### History of the Claim

Ms. Kelso seeks benefits for symptoms in her upper extremities allegedly caused by repetitive duties she performed as a food preparation employee for Five Star. The Court's May 3, 2016 Expedited Hearing Order required Five Star to provide a panel from which Ms. Kelso could select a physician to evaluate and treat her alleged work-related injury.

Ms. Kelso initially selected hand specialist Dr. Marshall Jemison from a panel. Dr. Jemison thought Five Star hired him to perform an independent medical evaluation and issued a report stating that Ms. Kelso's hand and wrist problems did not arise primarily out of and in the course and scope of employment. The Court ordered Five Star to provide another panel because Dr. Jemison did not treat Ms. Kelso's symptoms and he told Ms. Kelso he believed the Workers' Compensation Law did not recognize carpal

1

tunnel syndrome as a work-related condition. Five Star complied, and Ms. Kelso selected hand specialist Dr. Robert Mastey.

Dr. Mastey saw Ms. Kelso on April 5, 2017, at which time she complained of upper-extremity pain that she claimed arose from the repetitive duties she performed at Five Star. Dr. Mastey recorded that Ms. Kelso had undergone right-carpal-tunnel-release surgery in 1993 and had a high body mass. He also noted that Ms. Kelso currently received treatment for insulin-dependent diabetes, peripheral neuropathy, and a work-related lumbar injury.

As to her alleged work-related injury, Dr. Mastey stated Ms. Kelso had undergone a nerve conduction study that revealed carpal tunnel syndrome in her left upper extremity. Ms. Kelso told Dr. Mastey that her symptoms began when she performed repetitive duties for Five Star; they improved when Five Star assigned her to a position with little or no repetitive use of her hands; and they returned when she again began performing repetitive duties.

Dr. Mastey noted that, during his meeting with Ms. Kelso, he reviewed with her "the fallacy of reasoning known as post hoc, ergo propter hoc (aka after this, therefore because of this.)"[1] Dr. Mastey ordered another nerve conduction study that Ms. Kelso never received.

Afterward, Five Star sent Dr. Mastey a letter asking for his causation opinion. Dr. Mastey responded by marking a "No" response to the following question: "Based upon your medical findings and within a reasonable degree of medical certainty, are Ms. Kelso's current complaints of bi-lateral upper extremity numbness and tingling involving all fingers primarily caused by her work at Five Star[?]" Five Star has not provided medical benefits to Ms. Kelso since receipt of Dr. Mastey's causation opinion.

Five Star filed a Motion to Cease Medical Benefits based on Dr. Mastey's causation opinion. The Court heard the motion on May 22, at which time it struck the motion because of the requirement that Five Star follow summary judgment procedure when seeking potentially dispositive relief. The Court told Ms. Kelso during this hearing that, in order to challenge Five Star's summary judgment motion, she would need to obtain a physician's opinion that her injury arose primarily out of and in the course and scope of employment.

Five Star then filed a summary judgment motion accompanied by a Statement of Undisputed Facts. On June 28, the Court met with the parties to schedule filing deadlines

---

[1] Ms. Kelso stated Dr. Mastey explained this logic to her by saying that if a rooster crowed before the sun came up, it does not mean that the rooster's crow caused the sun to rise.

and a hearing date on the motion. The Court again told Ms. Kelso she needed a physician's opinion to challenge Five Star's summary judgment motion.

In response to Five Star's Statement of Undisputed Facts, Ms. Kelso filed a statement setting forth her personal version of the facts of her injury and produced time sheets showing the many hours of overtime she worked for Five Star during the period when her symptoms began. Ms. Kelso asked the Court to disregard Dr. Mastey's opinion because he is a "workers comp doctor whose job it is to not relate injuries to work when possible." She complained that he and Dr. Jemison gave their opinions without obtaining diagnostic testing that would tell them whether her injury was or was not work-related.

Ms. Kelso also filed a treatment note documenting her appointment with the physician's assistant employed by a neurosurgeon she hoped to see for her injury. The note does not contain a causation opinion; however, Ms. Kelso explained that the physician's assistant and neurosurgeon refused to get involved in a legal claim. Finally, Ms. Kelso filed an article authored by a non-physician stating that carpal tunnel syndrome is related to repetitive work activities.

### Findings of Fact and Conclusions of Law

In addressing Five Star's motion, the Court follows the legal standard applicable to summary judgment motions in the Court of Workers' Compensation Claims. In *Payne v. D & D Elec.*, 2017 Tenn. LEXIS 215 (Tenn. Workers' Comp. Panel Feb. 13, 2017), the Special Workers' Compensation Panel held:

> A party who moves for summary judgment, but who does not bear the burden of proof at trial, may satisfy its burden of production under Rule 56 either by "affirmatively negating an essential element of the nonmoving party's claim" or by showing "that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense[.]"

> The nonmoving party may not rely upon the allegations in the pleadings; to survive summary judgment, the nonmoving party must set forth specific facts showing a genuine issue for trial. The nonmoving party's response "must do more than simply show that there is some metaphysical doubt as to the material facts." The nonmoving party must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of the nonmoving party[.]

*Id.* at *7-8 (Citations omitted).

The Panel in *Payne* upheld a summary judgment entered below because the employee did not file a physician's opinion rebutting the authorized treating physician's (ATP's) opinion that the employee's work injury did not cause all of the damage in his foot. The Panel also held that, without expert medical opinion supporting the compensability of his injury, the employee could not convince a rational trier of fact he was entitled to benefits.[2]

Here, Five Star produced the ATP's opinion that Ms. Kelso's upper-extremity pain did not arise primarily out of and in the course and scope of employment. That opinion negated an essential element of Ms. Kelso's claim—the work-relatedness of her injury—and required her to produce a countervailing physician opinion to keep her claim alive. While Ms. Kelso's arguments might challenge the weight the Court should give Dr. Mastey's opinion in comparison to another medical opinion, her arguments were ineffective in responding to Five Star's summary judgment motion because she did not create a genuine issue of fact by rebutting Dr. Mastey's causation opinion with one of her own. Furthermore, Ms. Kelso's failure to produce a physician's opinion that her injury arose primarily from her work at Five Star means she failed to demonstrate she could produce evidence that might convince a rational trier of fact of her entitlement to benefits.

In that Ms. Kelso failed to overcome Five Star's summary judgment motion on both standards set forth in *Payne*, the Court grants summary judgment to Five Star and dismisses Ms. Kelso's claim with prejudice to its refiling.

Absent an appeal of this order by either party, the order shall become final thirty days after its issuance. Five Star and/or its carrier shall file an SD-1 with the Bureau within ten days from the date of the final order. Five Star and/or its carrier shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (Nov. 2016) by remitting payment to the Clerk of the Court of Workers' Compensation Claims within ten days from the date of the final order.

---

[2] The Panel cited the employee's requirement in Tennessee Code Annotated section 50-6-102(14) (2016) to establish the work-relatedness of his or her injury by expert medical opinion in support of its affirmation of summary judgment in *Payne*.

4

**IT IS SO ORDERED.**

**ENTERED** this the 24th day of August, 2017.

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on this the 24th day of August, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Email Address |
|------|------|------|------|------|------|
| Roxanna Marie Hazy Kelso, Self-Represented | X | | | X | rmkelso@yahoo.com<br>221 Forest Hills Drive, Charleston, TN 37310 |
| Gordon Aulgur, Attorney | | | | X | Gordon.aulgur@accidentfund.com |

Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov

5